UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CALVIN BUFFINGTON, | No. 2:19-cv-02192 GGH P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| PAUL R. THOMPSON, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, the pending habeas petition appears to be more appropriately brought as a 28 U.S.C. § 2255 motion as it challenges the validity or constitutionality of petitioner's conviction issued by the Northern District of Illinois, Eastern Division. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). Accordingly, the undersigned will order that this case be transferred to the appropriate district for review.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (internal citations omitted). However, under the savings clause, also often referred to as the "escape hatch," of § 2255, a federal prisoner may file a petition under § 2241 to "contest the legality of a sentence where his remedy under §

2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "A § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, supra, 464 F.3d at 898 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003)). Here, petitioner alleges he should be allowed to proceed under § 2241 based on a claim of actual innocence. ECF No. 1 at 15-19, 22-25. However, review of petitioner's claim for actual innocence is one based on legal innocence. ECF No. 1 at 15-19; see Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.") Petitioner fails to meet his burden in showing that "the remedy by motion [under § 2255] is inadequate or ineffective to test the validity of his detention" and relief pursuant to § 2241 is appropriate. Ivy, supra, 328 F.3d at 1059. Accordingly, because a § 2255 petition may be brought only in the sentencing court, the undersigned will transfer this case to the Northern District of Illinois for review.

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of Illinois.

Dated: November 22, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE